NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION, and FINISHING TRADES INSTITUTE FUNDS and HARRY J. HARCHETTS,<br><br>Plaintiffs,<br><br>v.<br><br>RE-NU ALTERATIONS, INC.,<br><br>Defendant. | Civil Action No. 12-3103 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation, Finishing Trades Institute Funds, and Harry J. Harchetts's (collectively, "Plaintiffs"), Motion for Entry of Default Judgment ("Plaintiffs' Motion"), pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (Pls.' Mot., ECF No. 9.) Defendant Re-Nu Alterations, Inc. ("Re-Nu" or "Defendant") has failed to file an opposition. The Court has carefully considered the submissions and decided the matter without oral argument pursuant to Rule 78. For good cause shown, Plaintiffs' Motion for Default Judgment is GRANTED.

I.  **Background**

Plaintiffs brought action "as Trustee and Fiduciary for District Council 711 Health & Welfare, Vacation and Finishing Trades Institute Funds ('the Funds')," which are "trust funds

established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. § 1002(1), (2) and (3) . . . ." (Compl. ¶ 4, ECF No. 1.)

A Collective Bargaining Agreement between the Union and Defendant required Defendant to make timely contributions to the Funds "on behalf of eligible employees of Re-Nu who were employed on projects within the State of New Jersey." (Compl. ¶ 13.) Plaintiffs allege that an audit revealed that Re-Nu "failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees for the period of January 1, 2007 through September 30, 2009." (Compl. ¶ 17.)

On May 23, 2012, Plaintiffs filed a Complaint requesting relief. Although Plaintiffs properly served the Complaint, Defendant failed to file a timely response as required by Rule 12(a)(1)(A). On September 12, 2012, the Clerk of the Court subsequently entered default against the Defendant. Plaintiffs now move for a default judgment against the Defendant.

II. **Analysis**

Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2); *Comdyne*, 908 F.2d at 1149. In addition, liability is not established by default alone. *D.B. v. Bloom*, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995). The Court must first determine whether default judgment is proper. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court must consider three factors that control whether a default judgment should be granted:

(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a meritorious defense; and (3) whether the defendant's delay is due to culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

## A. Plaintiffs are Entitled to Payment of Delinquent Contributions, Interest, Double Interest, and Attorney's Fees and Costs

Here, the Court finds it appropriate to enter default judgment because the longer Plaintiffs do not receive payment, the more they are harmed and therefore prejudiced. Moreover, it appears that Defendant was properly served and that Plaintiffs properly brought their default judgment motion. In addition, the Court is unaware of any viable defenses available to Defendant with regard to Plaintiffs' requested award. Finally, the Court finds that Defendant's failure to respond to the Complaint was the result of Defendant's culpable conduct.

Where a fiduciary refuses to pay delinquent contributions, the Court shall award:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of -- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . , (D) reasonable attorney's fees and costs of the action . . . , and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2)(A)-(E) (2009). Plaintiffs, therefore, properly request $145,591.89 in unpaid contributions, $55,209.98 in interest, and $1,342.95 in attorney's fees and costs. (Bushinsky Aff. at 3, ECF No. 9-1.) Plaintiffs' request for $2,362.50 as compensation for an "Audit Fee" is also proper either as a "cost[] of the action" or a "legal or equitable relief [that] the court deems appropriate." *See* § 1132(g)(2)(D)-(E). Finally, Plaintiffs' request for an additional $55,209.98 of interest[1] is proper because "Congress purposefully mandated a double

---

[1] Plaintiffs originally filed an affidavit requesting $ $29,118.36 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii). That affidavit was subsequently revised and resubmitted with a request for $55,209.98 in "double interest" pursuant to 29 U.S.C. 1132(g)(2)(C)(i). (*See* ECF No. 10.)

3

award in interest against delinquent employers in order to compensate plans for incidental costs caused by delays in payment." *Bennett v. Machined Metals Co., Inc.*, 591 F. Supp. 600, 605 (E.D. Pa. 1984); *see Moriarty ex rel. Local Union No. 727., I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. SVEC*, 429 F.3d 710, 720-21 (7th Cir. 2005) (holding that the defendant must pay the greater of "double interest" and "liquidated damages"); *Vernau v. Bowen Enters., Inc.*, 648 F. Supp. 721 (W.D. Pa. 1986). Therefore, the Court grants Plaintiffs' Motion.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion for default judgment is GRANTED against Re-Nu Alterations, Inc. The Court grants the requested award: (1) $145,591.89 for unpaid delinquent contributions; (2) $55,209.98 in interest; (3) $55,209.98 in double interest; (4) $1,342.95 in attorney's fees and costs; and (5) $2,362.50 in audit fees. An Order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: June 14th, 2013